IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Employers Mutual Casualty Company, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | No.: **4:12-cv-00399-RAS** |
| | § | |
| Discover Property & Casualty Insurance | § | |
| Company, | § | |
|     *Defendant*. | § | |

_____

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## I. Summary of Defendant's Response

Defendant Discover's Response to Plaintiff's Motion For Partial Summary Judgment

(Dkt. 23) appears to principally make the following arguments:

A.  AS TO UFP's CONTRACT:  The additional insured endorsements in Discover's policies

require a contract between its named insured, UFP, and a third-party to expressly require

the latter be additionally insured, and the UFP contract that Plaintiff EMC relies upon –

although requiring such additional insured status – is, ***according to Discover***:

1.  Not properly authenticated;

2.  Not even an enforceable contract because not signed; and

3.  Even if enforceable, then it is with Parkway Builders LP, and not Parkway
    Builders LLC, and so Discover could not have a duty to defend because Parkway
    Builders LP has not been sued in the underlying lawsuits.

B.  IN REGARDS TO DEFENDANT'S SFR ENDORSEMENTS:  Discover claims, *inter*

*alia*, the Self-Funded Retention ("SFR") endorsements in its policies transfer all defense

and indemnity obligations to UFP, so that if anybody is due a defense under the policies, it is due that defense from UFP.

## II.  EMC's REPLY

### A.  UFP contracted with Parkway Builders LLC, but, even more importantly, controlling 8-corners case law mandates that result.

Footnote 5 in Plaintiff's MPSJ discusses how Parkway may dispute a page unilaterally added by UFP's legal department to their contract; but rather than quibble about that detail, EMC used the UFP-bates stamped and produced contract.  In other words, if Discover asks its named insured for a copy of its contract with Parkway, <u>Pltf's Ex. F1</u> [1]/ ought to be exactly what UFP would provide.  And UFP's Jeff Crisp testified he "recognized" it as "a subcontract agreement between Parkway Builders and Southwest Framing", <u>Pltf's Ex. F at pg. 64, ln. 2 to pg. 65, ln. 3</u>, and then clarified that Southwest Framing is a "dba" for Universal Forest Products Western Division, Inc., <u>*id.* at pg. 67, ln. 1-8</u>, which the parties have been referring to as "UFP" in this matter.  The Court should overrule Defendant's "authentication" objection.

UFP's Scott Bravata did miss one signature block in the contract, but he signed it in four other spaces.  More importantly, UFP and Parkway Builders LLC are suing each other for their alleged breach of that very contract.  UFP's pleading against Parkway Builders, LLC is included in the record, *see* <u>Pltf's Ex. D1</u>, and a review of that pleading reveals the venom with which UFP attacks Parkway and its prinicipals because of its alleged breach for failing to pay a final $113,260.45 supposedly due for UFP's work.  <u>*Id.* at 5, ¶29</u>.  Discover's claim the contract is invalid because it is missing a couple of signatures is just ludicrous.

Defendant chides Plaintiff for having "gone to great lengths" to explain the entities with "Parkway Builders" in its name on the date of the contract.  The contract obviously was

---

[1]        All exhibit references herein are to the exhibits to Plaintiff's MPSJ.  (Dkt. 16).

not edited by a lawyer, and refers to Parkway Builders in 3 different ways – including "Parkway Builders LP."  Plaintiff went to "great lengths", however, to look at the entity names, because in fact no entity with the name "Parkway Builders LP" existed on the date of the contract.  Rather, the options on that date were "Parkway Builders I LP" and "Parkway Builders LLC," and since the signature line was expressly for "a limited liability company", Pltf's Ex. F1 at UFP0176, Plaintiff asserted the "contract clumsily but unmistakably pointed to 'Parkway Builders, LLC' as the entity contracting with UFP."  Pltf's MPSJ at 12.

*More importantly, however, under the 8-corners rule for determining a duty to defend, the entity contracting with UFP is necessarily Parkway Builders LLC*.  Discover's named insured sued Parkway Builders LLC, claiming Parkway Builders LLC breached the contract to pay for UFP's products and services.  Pltf's Ex. D1.  Further, the HOA and the Ingrams have sued Parkway Builders LLC, and not Parkway Builders I, LP or any other "Parkway Builders" entity.  Pltf's Ex. D2-D3; Ex. E.  The Court cannot properly look outside the pleadings for Defendant's false suggestion Parkway Builders LP instead contracted with UFP, since such is contrary to the pleaded facts that Parkway Builders LLC contracted with UFP and built the subdivision's amenity center and the Ingrams' townhome.  *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 655 (Tex. 2009) ("In deciding the duty to defend, the court should not consider extrinsic evidence … that contradicts the allegations of the underlying petition").

In *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22 (Tex. 1965), the court refused to consider extrinsic evidence that the named insured was in fact not the agent of Newport, when the underlying pleading alleged that agency.  Because of the agency allegation Newport qualified as an insured under the policy, since it would then

allegedly be "legally responsible" for the named insured's accident.   In other words, the agency allegation was unquestionably false, but under the 8-corners rule the court would not even consider true extrinsic evidence to the contrary.   Here the true and alleged fact is that Parkway Builders LLC contracted with UFP and, contrary to the pleadings, Defendant falsely suggests that a non-existent Parkway Builders LP entity instead contracted with UFP.

**B.      Defendant Discover's retreat behind its SFR endorsement is unwarranted.**

Plaintiff's MPSJ makes the points that the SFR endorsements do not clearly state they apply to additional insureds like Parkway, and to apply them to such insureds would render Discover's coverage illusory, fail to give effect to all provisions in the policies, create irreconcilable conflicts in the defense of the additional insured, and turn the insurer-additional insured relationship from that of third-party beneficiary to third-party obligor.

The Court should adopt any "not unreasonable" construction of policy words of exclusion or limitation that would afford coverage, "even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *National Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991), Discover posits that its endorsement's reference to application to "all coverages" expansively means "all coverages for all insureds"; but as shown by Plaintiff's MPSJ at 16-19, at a minimum a "not unreasonable" construction of the SFR endorsements is that they just apply to "all coverages" for named insureds – and Parkway is an "insured", not a "named insured".[2]/

Defendant tries to get around the "irreconcilable conflicts" problem by trying to import the tactic of an insurer hiring separate counsel for two different insureds when they are

---

[2]      By virtue of the Discover policies' definitions of "you", "your" and "insured", and their additional insured endorsements that modify the "Who Is An Insured" sections of the policies, Parkway is not a "named insured", but it is an "insured" because it is an "additional insured."  *E.g.*, Pltf's Ex. I at 34, 42-43, 61 and 65.

both defendants in a lawsuit but have conflicting interests.   That separate counsel tactic, however, does not cure the prejudice and conflict of interest presented when a plaintiff *supposedly* has – like a typical liability insurer – the "right and duty to defend" the defendant it is suing.  *Cf.* TEX. R. CIV. P. 51(b) (rule against joinder of insurer in suit against insured).

As for EMC's "illusory coverage" and "third-party beneficiary versus third-party obligor" arguments, Discover responds that additional insured Parkway is entitled to no greater rights under the policies than named insured UFP, and since UFP self-insures then it also insures for Parkway.   *I.e.*, Discover argues that it does not have a duty to defend Parkway, rather UFP has the duty to defend; and Discover can never have any duty to indemnify, because UFP has 100% of any indemnity obligation.  But if Discover can never have a duty to defend or indemnify, why did it charge $45,124 and $37,353 in premium on the policies?  Pltf's Ex. I at 16, Ex. J at 4.  Moreover, the cases Discover cites for its remarkable repudiation of its contracts do not go anywhere near that far:

- *National Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603 (Tex. 2008), held a policy's "forwarding of suit papers" condition applied to an employee-omnibus insured, as well to his named insured employer – it did not hold there can be no differences in the coverage afforded either an additional or omnibus insured versus the named insured.

- *Bancroft Life & Casualty ICC, Ltd. v. FFD Resources II, LLC*, 884 F.Supp.2d 535 (S.D. Tex. 2012) is a convoluted opinion in a case that started with allegations of a loan default and misuse of collateral, but came to also involve the propriety of joinder of insurance claims of an entity affiliated with the defendant and of a forum selection clause as to those insurance claims.

- *Wyner v. North Am. Specialty Ins. Co.*, 78 F.3d 752 (1st Cir. 1996) remarkably held an additional insured was itself a "named insured" – if not wrongly decided, *Wyner* must have been premised on policy language not readily apparent from the opinion.

- *Sumitomo Marine & Fire Ins. Co. of Am. v. Southern Guar. Ins Co.*, 337 F.Supp.2d 1339 (N.D. Ga. 2004) primarily discusses a carrier's liability for the representations of its agent in a certificate of insurance of a third-party's additional insured status.  After holding the certificate holder was indeed an additional insured notwithstanding the

carriers' arguments to the contrary, the court next rejected one carrier's alternative attempt to then limit coverage with an endorsement that it never actually added to the policy. It was in that context that the court observed, "In the absence of this fictional endorsement, SMG, as an additional insured … enjoys the same rights under defendants' policies as [named insured] Arris". *Id.* at 1356.

- *Continental Casualty Ins. Co. v. Zurich Am. Ins. Co.*, 2009 WL 231462 (D. Oregon, Jan. 29, 2009), *modified in part*, 2009 WL 455285 (D. Oregon, Feb. 23, 2009), *aff'd in part, rev'd in part*, 2010 WL 4296626 (9th Cir., Oct. 28, 2010) construes different policy language under Oregon law, but admittedly does hold that a second-tier subcontractor's acquisition of a policy with a $1 million retention inclusive of defense costs breached its contract obligation to acquire insurance naming the first-tier subcontractor and general contractor as additional insureds. Whether, however, EMC or Parkway should similarly bring a contract claim against UFP for failure to procure insurance would seem premature pending the Court's decision in this matter.

- *State Auto Ins. Cos. v. Harrison County Commercial Lot, LLC*, 2012 WL 2789741 (S.D. Miss. July 9, 2012), which Discover cites for the proposition that "it is well settled that an additional insured is not entitled to any greater coverage than a named insured," <u>Dfdt's Response at 18</u>, actually holds the opposite – *i.e.*, that the additional insured was entitled to coverage even though the carrier had argued that the same liability would be excluded under the policy as to the named insured.

Discover tries to distinguish *Shell Chemical LP v. Discover Property & Casualty Ins. Co.*, 2010 WL 1338068 (S.D. Tex. Mar. 29, 2010), but the bottom-line remains that Judge Atlas decided that this same Defendant's duty to defend an additional insured could not be delegated back to the named insured under this very same SFR endorsement. *Id.* at *5 ("Texas case law supports Shell's argument that the duty to defend is non-delegable"). Perhaps the SFR endorsement should be applied as urged by Defendant in the event of any demand for a defense by named insured UFP --- that is essentially the holding of *Georgia-Pacific LLC v. United States Fid. & Guar. Co.*, 2011 WL 3821131 (11th Cir., Aug. 29, 2011), also cited by Discover. It remains, however, Discover should not be allowed to hide behind its SFR endorsement and successfully claim "if there is any duty to defend Parkway, that duty

is owed by UFP, not Discover."[3]/

Respectfully submitted,

By: /s/ *Thomas D. Caudle*

Thomas D. Caudle
Texas State Bar No. 04017500

SCHUBERT & EVANS, P.C.
900 Jackson Street, Suite 630
Dallas, TX  75202
PH:  (214) 217-3678
FX:  (214) 744-4403
Email: tcaudle@schubertevans.com

ATTORNEY FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 11th day of March, 2013, a true and correct copy of the foregoing was served on the following counsel in the manner listed:

Tory F. Taylor                                      Via ECF Notice of Electronic Filing
LITCHFIELD CAVO L.L.P.
3040 Post Oak Boulevard, Suite 1750
Houston, TX  77056
    *Attorney for Discover*

/s/ *Thomas D. Caudle*

Thomas D. Caudle

---

[3]     Discover does not dispute that its coverage for any additional insured is "primary", but then without elaboration "disputes the relevancy of any interpretation of the carriers' 'other insurance' clauses to the issue of whether Discover has a duty to defend Parkway Builders, LLC."  <u>Dft's Response at 3</u>.  The "other insurance" issue is not whether Discover's coverage is primary, but is instead whether to apply the "excess" clause in EMC's policy.  *I.e.*, if EMC's coverage is excess, then only Discover has a duty to defend and should be liable for 100% of Parkway's defense costs, whereas if EMC's coverage is "co-primary", then EMC would also have a duty to defend and the defense costs should be split 50-50 between EMC and Discover.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT --- Page 7**